**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50051 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-03122-GT-1 |
| v. | |
| LUIS HERNANDEZ-SANCHES, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Jr., District Judge, Presiding

Argued and Submitted November 3, 2009
Pasadena, California

Before: GOULD and BEA, Circuit Judges, and MOLLOY, [**] District Judge.

Luis Hernandez-Sanches appeals the forty-two-month sentence imposed

following his guilty plea to being a deported alien found in the United States in

violation of 8 U.S.C. § 1326. The presentence report recommended a two-level

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

upward adjustment to Hernandez-Sanches's criminal history score under U.S. Sentencing Guidelines § 4A1.1(d) because Hernandez-Sanches was under a criminal justice sentence at the time of the offense. Hernandez-Sanches objected to the adjustment, arguing that he was not under a "violation warrant" within the meaning of the relevant Guidelines application note. *See* U.S.S.G. § 4A1.1 cmt. n.4 ("A defendant who commits the instant offense while a *violation warrant* from a prior sentence is outstanding (*e.g.*, a probation, parole, or supervised release violation warrant) shall be deemed to be under a *criminal justice sentence* for the purposes of this provision[.]") (emphases added). The district court did not make an explicit finding about whether Hernandez-Sanches was subject to a violation warrant, as opposed to a warrant for a new crime, because it took the view that "a warrant is a warrant" for federal sentencing purposes.

Federal Rule of Criminal Procedure 32(i)(3)(B) requires the district court to rule on "any disputed portion of the presentence report or other controverted matter" that will affect sentencing. For each disputed fact, "the district court must make an explicit factual finding that resolves the dispute." *United States v. Carter*, 219 F.3d 863, 867 (9th Cir. 2000). "It is well settled in this circuit that when the district court fails to make the required Rule 32 findings or determinations at the time of sentencing, we must vacate the sentence and remand for resentencing." *Id.* at 866 (alteration and internal quotation marks omitted); *see also United States v.*

*Houston*, 217 F.3d 1204, 1207 (9th Cir. 2000) ("Our precedent requires strict compliance with Rule 32.") (internal quotation marks omitted).  Because the district court did not make an explicit finding about whether the Virginia warrant was a violation warrant, a remand for resentencing is necessary.

The sentence is **VACATED** and the case is **REMANDED**.